**United States District Court**
For the Northern District of California

1
2
3
4                                              **E-FILED on**    7/20/07
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                            SAN JOSE DIVISION
11
12   STEPHEN E. SNYDER,                    No. C-04-02926 RMW
                                            JAMS Ref. No. 1110008572
13              Plaintiff,
                                            ORDER DENYING (1) DEFENDANT'S
14        v.                                MOTION TO VACATE ARBITRATION
                                            AWARD AND (2) MOTION FOR NEW
15   FLOWORKS, INC.,                        TRIAL OR TO ALTER OR AMEND
                                            JUDGMENT
16              Defendant.                  **[Re Docket Nos. 62, 66]**
17
18
19
20        Defendant Floworks, Inc. ("Floworks") asks this court to vacate the arbitrator's award dated

21   February 13, 2007 on the grounds that the arbitrator's award was "irrational."  Plaintiff Stephen E.

22   Snyder ("Snyder") opposes the motion.  For the reasons set forth below, the court denies defendant's

23   motion.

24                            **I.  BACKGROUND**[1]

25        Stanford Square, LLC ("Stanford Square") owned a commercial office building located at

26   100 Hamilton Avenue in Palo Alto, CA.  Under its operating agreement, the property was managed

27   _____

28   [1]  The background facts of this case are not in dispute.  The following description is taken from
     Magistrate Judge Seeborg's Report and Recommendation, Docket No. 60.

ORDER DENYING (1) DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD AND (2) MOTION FOR NEW TRIAL
OR TO ALTER OR AMEND JUDGMENT—No. C-04-02926 RMW, JAMS Ref. No. 1110008572
MAG

by Stanford Square Management Company ("Stanford Management").  Stanford Management's rights, titles and interests under the Stanford Square operating agreement were eventually assigned to Snyder, who intended to become the new manager under the operating agreement.  One of the members of Stanford Square, Lewis Graham, asserted that Snyder did not have the right to become the Stanford Square manager without approval of the membership.  Following an election by the Stanford Square members, Graham's company, defendant Floworks, was voted to assume the management position from Stanford Management.

The operating agreement provided that any "substitute" manager was required to compensate the "retiring" manager for taking over the position.  The amount of such compensation was to be agreed upon between the parties, but if no agreement could be reached, the dispute was to be submitted to arbitration.  Floworks did not deny that by becoming the manager of Stanford Square it became liable under the operating agreement to negotiate for an amount to be paid to the retiring manager, but it denied that the assignment from Stanford Management to Snyder meant that Floworks had to negotiate with Snyder.  This issue was resolved on summary judgment by Magistrate Judge Seeborg, who determined that the assignment of the operating agreement from Stanford Management to Snyder also resulted in the assignment of the right to be paid as the retiring manager.  Order Granting Plf's Mot. Summ. J., Docket No. 25.  The parties subsequently submitted the dispute to arbitration before a court-appointed arbitrator, the Hon. Read Ambler (Ret.), whom both sides had agreed would be acceptable.

On February 13, 2007, Judge Ambler entered his final arbitration award in favor of Synder in the amount of $1,500,000, plus prejudgment interest of $266,671.11 through the date of the award and costs of $44,997.97.  Judge Ambler's 21-page decision set forth his evaluation of the evidence and the parties' legal arguments.  On February 16, 2007, Snyder moved to confirm the arbitration award and for the entry of judgment.  On March 26, 2007, after a hearing on the motion, Judge Seeborg issued a report and recommendation that the arbitration award be confirmed and that judgment be entered in favor of Snyder.  On May 24, 2007, this court entered an order adopting Judge Seeborg's report and recommendation and judgment based thereupon.  In the interim, however, Floworks filed a motion to vacate the arbitration award.  After the entry of judgment on

**United States District Court**
For the Northern District of California

1    May 24, Floworks also filed a motion for a new trial or to alter or amend the judgment to ensure that

2    the court retained jurisdiction to modify the judgment as required.

3                                              **II. ANALYSIS**

4    **A.    Legal Standard**

5        Under 9 U.S.C. § 10, a district court may vacate an arbitration award only:

6        (1) where the award was procured by corruption, fraud, or undue means; (2) where
         there was evident partiality or corruption [by] the arbitrators, or either of them; (3)
7        where the arbitrators were guilty of misconduct in refusing to postpone the hearing,
         upon sufficient cause shown, or in refusing to hear evidence pertinent and material
8        to the controversy; or of any other misbehavior by which the rights of any party
         have been prejudiced; or (4) where the arbitrators exceeded their powers, or so
9        imperfectly executed them that a mutual, final, and definite award upon the subject
         matter submitted was not made.

10   *Kyocera v. Prudential-Bache Trade Services,* 341 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. §

11   10); *accord  G.C. and K.B. Investments, Inc. v. Wilson,* 326 F.3d 1096, 1106 (9th Cir. 2003).

12       Vacatur under § 10 is limited.  "It is generally held that an arbitration award will not be set

13   aside unless it evidences a manifest disregard for law."  *Wilson,* 326 F.3d at 1105.  "Confirmation of

14   an arbitration award is required even in the face of erroneous misinterpretations of law."  *Id.*  "It is

15   not even enough that the [arbitrator] may have failed to understand or apply the law.  An arbitrator's

16   decision must be upheld unless it is completely irrational or it constitutes a manifest disregard of the

17   law."  *Id.* (quoting *French v. Merrill Lynch,* 784 F.2d 902, 906 (9th Cir. 1986)); *Poweragent Inc. v.*

18   *Electronic Data Systems Corp.,* 358 F.3d 1187, 1193 (9th Cir. 2004) ("an arbitration award may be

19   vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'") (citing

20   *Coutee v. Barrington Capital Group,* 336 F.3d 1128, 1132-33 (9th Cir. 2003)); *Kyocera,* 341 F.3d at

21   994 ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court

22   review of an arbitral award . . . .").

23   **B.    Waiver**

24       As an initial matter, plaintiff contends that defendant has waived its arguments in support of

25   vacating the arbitrator's award because it failed to make them either in opposition to plaintiff's

26   motion to confirm the arbitration award or in response to Magistrate Judge Seeborg's Report and

27   Recommendation.  Although the parties' and the court's time could have been saved if defendant if

28

1   defendant had made its arguments earlier, defendant's arguments have not been waived.  Although it

2   is true that defendant failed to raise these arguments in its opposition to plaintiff's motion to confirm

3   the award, did not file any opposition to the report and recommendation, and did not file its motion

4   to vacate until approximately 5 weeks after the report and recommendation was filed, defendant

5   nevertheless moved to vacate the arbitrator's award 10 days before the court entered its order

6   adopting the report and recommendation and its judgment and within three months of the filing of

7   the arbitration award.

8       **C.    Irrational Award**

9       Defendant asserts that the court must vacate the arbitrator's award under § 10(4) because it is

10  "completely irrational."  Defendant argues that the arbitrator's award was irrational because the

11  arbitrator adopted plaintiff's analysis regarding what a substitute manager and the retiring manager

12  would have agreed to for a purchase price in 2002, even in light of evidence that plaintiff's expert's

13  projections had already proven wrong.  Specifically, defendant argues that the arbitrator's award

14  irrationally (1) adopted plaintiff's analysis that Stanford Square's principle asset, an office building

15  owned since 1987, would sell for $32.4 to $35.6 million between 2007 and 2009 when the building

16  had actually sold in 2005 for $28.5; (2) determined based on the plaintiff's projected sale dates in

17  2007 to 2009 that the new manager would derive a revenue stream of net income totaling $3.4 to

18  $3.8 million when the stream of payments, according to defendant, totaled only $1,865,000; (3)

19  calculated that the resulting stream of net income had a net present value in 2002 of around

20  $2,250,000 when the net present value of the $1,865,000 stream of payments above was less than

21  $1,495,780; and (4) opined that given a net present value of the stream of payments estimated at

22  $2,250,000, that the new manager (defendant) would have been willing to pay the old manager

23  (plaintiff) a purchase price of $1,500,000, leaving the new manager with a net income of $750,000,

24  when a payment of $1,500,000 was in excess of the net value of the stream of payments

25  ($1,495,780), leaving defendant in the hole.

26      Plaintiff, on the other hand, counters that defendant's arguments rely on a misstatement of the

27  facts presented to the arbitrator.  As the arbitrator found, Stanford Square paid $930,000 in

28  management fees to another company owned by defendant Floworks and $2,388,135 in fees and

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  commissions in connection with the 2005 sale of the 100 Hamilton Avenue property.  Plaintiff

2  asserts that defendant's figure for the stream of payments ($1,865,000) is derived from his expert's

3  testimony that defendant had committed fraud and that, but for that fraud, the over $3,300,000 paid

4  by Stanford Square, should have only amounted to $1,865,000.

5          A review of the arbitrator's detailed arbitration award does not reveal that the award was

6  irrational, completely or otherwise.  The arbitrator weighed the credibility of the respective experts

7  and determined that plaintiff's experts' opinions were more appropriate to the valuation task at hand.

8  *See* Award at 5 ("[Defendant's expert] valued the Manager's Interest as a 'business opportunity,' not a

9  real estate investment . . . whereas Plaintiff's experts treated the case as if valuation of a real estate

10  opportunity were involved.  This distinction is pivotal to analyzing this case.").  Based on these

11  opinions, the arbitrator, as required, projected what value would have been assigned in 2002 for the

12  management of the Stanford Square property rights under the operating agreement.  But, even

13  assuming that the arbitrator disregarded the facts, in the Ninth Circuit, "[m]anifest disregard of the

14  facts is not an independent ground for vacatur."  *Coutee*, 336 F.3d at 1133.  Here, the arbitrator

15  considered the factual disputes cited by defendants and resolved them in favor of plaintiff.  This

16  court has no authority to re-weigh the evidence.  *Id.* at 1134.  Thus, defendant's contention that the

17  arbitral award was "completely irrational," *Kyocera*, 341 F.3d at 997, is without any merit.

18                                          **III.  ORDER**

19          For the foregoing reasons, the court denies defendant's motion to vacate the arbitrator's

20  award and denies its motion for a new trial or to alter or amend the judgment.  The court's May 24,

21  2007 judgment shall remain unaltered.

22

23

24  DATED:      7/20/07                              *Ronald M Whyte*

25                                                  RONALD M. WHYTE
                                                    United States District Judge

26

27

28

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Spencer T. Denison | spencer.denison@hro.com jan.diggles@hro.com |
| James Wesley Kinnear | wesley.kinnear@hro.com alice.tam@hro.com;molly.morris@hro.com |
| Adria Yvonne LaRose | larosea@hro.com |
| Paula Quintiliani | paula.quintiliani@hro.com jill.wilkinson@hro.com |

**Counsel for Defendants:**
J. Mark Dunbar                    mdunbar@dunbarlaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**      7/20/07                                    /s/ MAG
                                                    **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER DENYING (1) DEFENDANT'S MOTION TO VACATE ARBITRATION AWARD AND (2) MOTION FOR NEW TRIAL
OR TO ALTER OR AMEND JUDGMENT—No. C-04-02926 RMW, JAMS Ref. No. 1110008572
MAG                                                    6